IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMY E. SHAW, MARK BARTLEY, | § § | |
| *Plaintiffs*, | § § | 5-19-CV-00859-DAE |
| vs. | § § § | |
| GALO EQUIPMENT & CONSTRUCTION, LLC; ANTHONY BRADFORD GALO, JR., | § § § § | |
| *Defendants*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Senior United States District Judge David A. Ezra:**

This Report and Recommendation concerns the Renewed Motion for Entry of Default Final Judgment filed by Plaintiffs Jimmy E. Shaw and Mark Bartley. *See* Dkt. No. 21. Plaintiffs seek a default judgment against Defendants Galo Equipment & Construction LLC and Anthony Bradford Galo, Jr. This motion has been referred for a report and recommendation, pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1 to Appendix C of the Local Rules for the United States District Court for the Western District of Texas. The Court has federal-question jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") claims. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the Motion for Final Default Judgment, Dkt. No. 21, be **GRANTED**, as specified herein.

**Factual and Procedural Background**

On July 18, 2019, Plaintiffs Jimmy E. Shaw and Mark Bartley sued their former employer, Galo Equipment & Construction LLC, and its manager Anthony Bradford Galo Jr. for

violations of the FLSA. Plaintiffs—who worked as drivers for Galo Equipment & Construction— allege that they regularly worked from 6:00 am until 7:30 pm five days per workweek while employed by Defendants but never received overtime compensation. *See* Compl. ¶ 18. Defendants didn't answer or file any other responsive pleading within the time required, and they still haven't filed a responsive pleading as of the date of this Order. *See* Fed. R. Civ. P. 12(a)(1)(A).

Plaintiffs first moved for default judgment on November 6, 2019. *See* Dkt. No. 10. This produced a recommendation that the motion be denied without prejudice because Plaintiffs failed to first seek entry of default from the Clerk. *See* Dkt. No. 12. The recommendation also briefly expressed concerns regarding whether Plaintiffs had properly effected service on Defendants. The District Court adopted the recommendation, and Plaintiffs now re-urge their motion, having secured a Clerk's Entry of Default on December 12, 2019 and re-served Defendants. *See* Dkt. Nos. 14-16. Shaw seeks $2,074.32 in unpaid overtime wages and an equal amount in liquidated damages and Bartley seeks $8,106.73 in unpaid overtime wages and an equal amount in liquidated damages. Plaintiffs also jointly and severally request an award of $1,707.50 in attorneys' fees and $885 in costs.

## Analysis

A.   *Default*. The record reflects that Plaintiffs served a copy of the Summons and Complaint on August 7, 2019, to Defendant Galo, who is an officer for Galo Equipment & Construction and is therefore authorized to accept service on its behalf.[1] *See* Dkt. No. 16. Defendants have failed to answer or otherwise defend against Plaintiffs' claims, as demonstrated by Plaintiffs' motion for entry of default. *See* Dkt. No. 15. The rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

---

[1] *See* Fed. R. Civ. P. 4(h)(1)(B).

2

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Clerk properly entered default.

     B.    *Default Judgment.* Once a default has been entered, and upon a party's motion, a court may enter a default judgment. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "[A] party," however, "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks omitted). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages— and must determine whether those pleaded facts state a claim upon which relief may be granted. *See id.*; *see also United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

    Plaintiffs are entitled to a default judgment because the facts alleged in the Complaint state a claim upon which relief may be granted. Plaintiffs allege the following: (1) they are former Galo Equipment & Construction employees; (2) Galo Equipment & Construction is subject to the FLSA; (3) throughout their employment Galo actively managed the company on a day-to-day basis and was substantially in control of the terms and condition of Plaintiffs' work and schedule, their rate and method of pay, and had the authority to hire and fire them so as to subject him to individual liability under the FLSA[2]; (3) Defendants violated the FLSA's overtime wage requirements; and (4) Shaw and Bartley are entitled to $2,074.32 and $8,106.73 in overtime compensation respectively. Accepting these allegations as true, Plaintiffs have stated a prima facie case for unpaid overtime under the FLSA, which Defendants have failed to rebut.

---

[2] *See Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (economic realties test governs when determining whether an individual is an employer under the FLSA).

*See Parrish v. Premier Directional Drilling, L.P.*, No. 17-51089, 2019 WL 973091, at *5 (5th Cir. Feb. 28, 2019) (discussing the elements a plaintiff must prove to recover overtime pay under the FLSA).

For these reasons, a default judgment is appropriate on Plaintiffs' FLSA claims, and the only remaining issues relate to damages. *See Shipco*, 814 F.2d at 1014.

C. *No Hearing Is Needed on Damages.* Damages ordinarily may not be awarded via default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents" and a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993) (noting that a district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment).

Here, Plaintiffs concede they don't have access to their time records, which would enable them to make a precise damage calculation. These records are in Defendants' sole possession. But Plaintiffs have attached detailed declarations—which they assert represent their "best evidence" of hours worked and rate of pay—from which the Court can calculate damages. Plaintiffs' declarations constitute sufficient evidence to show the amount and extent of uncompensated work as a "matter of just and reasonable inference." *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (discussing a plaintiff's burden to prove damages where an employer failed to keep accurate or adequate records). Because Defendants haven't produced any evidence regarding the precise amount of work performed or otherwise negating the reasonableness of the inference drawn from Plaintiffs'

declarations, the Court may award damages to Plaintiffs even though the result is only an approximation. *See id.* An evidentiary hearing to determine damages is therefore unnecessary.

   D. *Actual Damages*. Shaw attests that he worked for Defendants from March of 2017 to approximately August 17, 2018 for approximately 18 weeks. During this time period, Shaw contends that he was paid a total of $10,183.03 in wages or approximately $565.72 per workweek for 67.50 hours worked each week at a straight-time rate of $8.36 per hour. *See* Shaw Decl. ¶¶ 5-6. Accounting for an alleged unpaid half-time rate of $4.92 for the 27.50 hours worked in excess of forty each workweek, Shaw swears under penalty of perjury that he is owed a total of $2,074.32 in unpaid overtime compensation. But Shaw has miscalculated his unpaid half-time wage rate; $8.36 divided by 2 is $4.18. Accordingly, Shaw is owed $2,069.10 in actual damages.

   Bartley attests that he worked for Defendants for 41 weeks (approximately August 21, 2017 through June 5, 2018).[3] *See* Bartley Decl. ¶ 1. During this time period, Bartley contends that he was paid a total of $17,472.78 in wages or approximately $970.71 per workweek for 67.50 hours worked at a straight-time rate of $14.38 per hour. *See id.* ¶¶ 5-6. Accounting for the unpaid half-time rate of $7.19 for the 27.50 hours worked in excess of forty each workweek, Bartley swears under penalty of perjury that he is owed a total of $8,106.73 in actual damages. The Court's independent review confirms that the $8,106.73 requested in actual damages is supported by the evidence and applicable law.

   E. *Additional Liquidated Damages*. "An employer who violates the FLSA is liable for [an award of] liquidated damages equal to the unpaid overtime compensation unless, after concluding that the employer acted in 'good faith' and had 'reasonable grounds' to believe that

---

[3] At another point in his Declaration Bartley attests that he only worked 18 weeks for Defendant (approximately August 21, 2017 through December 31, 2017). *See* Bartley Dec. ¶ 5. But this appears to be a typographical error. *Compare id. with* Bartley Dec. ¶ 1 & Compl. ¶ 5.

its actions complied with the FLSA, the district court declines to award liquidated damages (or reduces the amount)." *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x 324, 326 (5th Cir. 2011) (citing 29 U.S.C. § 260); *see also* 29 U.S.C. § 216(b). Demonstrating "good faith" and "reasonable grounds," however, is a "substantial burden," *see Stokes*, 424 F. App'x at 32, which Defendants for obvious reasons have failed to meet. Accordingly, an additional award of liquidated damages in the amount of $2,069.10 for Shaw and $8,106.73 for Bartley is appropriate in this case.

     F.    *Attorney's Fees*. "Under the FLSA, an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. 216(b). Paralegal fees may also be recovered provided the work is "traditionally done by an attorney." *See Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir.1982). The lodestar method applies to the attorney's fees calculation here. *See id.* The lodestar amount is calculated by multiplying the number of hours an attorney (and his paralegal provided the work is not clerical) reasonably spent by an appropriate hourly rate. *Id.* The resulting lodestar figure is presumptively reasonable and should only be modified in exceptional cases. *Id.*; *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *SettlePou, P.C.*, 732 F.3d at 502.

     After determining the initial lodestar figure, a court may then make upward or downward adjustments. Such adjustment are based on "the relative weights" of 12 factors, known as the *Johnson* factors, provided that any such *Johnson* factor considered for an adjustment isn't already included in the initial lodestar calculation. *Id.*; *Watkins*, 7 F.3d at 457. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the

attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *SettlePou, P.C.*, 732 F.3d at 502 n.7.

Plaintiffs request a total of $1,707.50 in attorneys' fees, which represents 2.3 hours of work performed by their attorney and 6.3 hours of work performed by the paralegal at rates of $400 and $125 per hour respectively. In support, counsel for Plaintiffs provides an affidavit detailing his and his paralegal's qualifications and attesting to the reasonableness of the rates charged in the market. Counsel also includes a copy of his firm's time records, which details the time expended in prosecuting this matter and the nature of the work performed. After due consideration, I find that the hours expended are reasonable, and so is the rate requested. The lodestar here is therefore $1,707.50. Plaintiffs haven't requested any adjustment of the lodestar; nor does the Court believe, after careful review of the *Johnson* factors, that one is warranted. *See, e.g., Sanders v. Barnhart*, No. 04–10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam) ("[I]t is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards").

G.   *Costs*. Finally, Plaintiffs request an award of $885 in costs. Plaintiffs should be awarded their costs provided they timely file a bill of costs using the form required by the Clerk of the Court and supported by appropriate documentation. *See* Local Rule CV-54.

H.   *The Service Members Civil Relief Act*. There is a small wrinkle that must be remedied before the Court enters a default judgment in Plaintiffs' favor. Plaintiffs haven't

provided the Court with an affidavit in compliance with the Service Members Civil Relief Act, *see* 50 U.S.C. § 3931. Accordingly, prior to entering judgment, the District Court should direct Plaintiffs to file an affidavit that complies with the Act if that has not been accomplished already by the time this matter comes to the Court's attention.

## Conclusion

For the reasons discussed above it is recommended that Plaintiffs' Renewed Motion for Entry of Default Final Judgment, Dkt. No. 21, be **GRANTED** (assuming Plaintiffs file an affidavit in compliance with 50 U.S.C. § 3931). Plaintiff Jimmy E. Shaw should be awarded $2,069.10 in actual damages and a further $2,069.10 in liquidated damages. Plaintiff Mark Bartley should be awarded $8,106.73 in actual damages and a further 8,106.73 in liquidated damages. Plaintiffs should also jointly be awarded $1,707.50 in attorneys' fees and costs in an amount to be determined pursuant to the procedure specified in the Western District of Texas's Local Rule CV-54. Defendants Galo Equipment & Construction, LLC and Anthony Bradford Galo, Jr. should be jointly and severally liable for this award.[4]

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A

---

[4] *See* 29 C.F.R. § 791.2(f) ("For each workweek that a person is a joint employer of an employee, that joint employer is jointly and severally liable with the employer and any other joint employers for compliance with all of the applicable provisions of the Act, including the overtime provisions, for all of the hours worked by the employee in that workweek.").

party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 12th day of June, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE